IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **AARON WALKER,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | **N<u>o.</u>** 16 cv |
| Plaintiff | ) ) ) | Honorable Judge |
| v. | ) ) | Magistrate Judge |
| | ) | ***JURY DEMAND*** |
| **CHICAGO PUBLIC SCHOOLS** AND **BOARD OF EDUCATION OF THE CITY OF CHICAGO** | ) ) ) | |
| Defendant | ) ) ) | |

COMPLAINT

NOW COMES Plaintiff, **AARON WALKER,** by and through his attorney, J<small>OHN</small> W. B<small>ILLHORN</small>, and for his Complaint against Defendant, **CHICAGO PUBLIC SCHOOLS AND BOARD OF EDUCATION OF THE CITY OF CHICAGO,** states as follows:

I.  **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

II.  **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or was engaged in business in this district.

III. THE PARTIES

3. Defendant, **CHICAGO PUBLIC SCHOOLS** is an Illinois municipality which, through the **BOARD OF EDUCATION OF THE CITY OF CHICAGO,** provides educational services to the public. Defendant **CHICAGO PUBLIC SCHOOLS** is an "enterprise" as defined by Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B), 29 U.S.C. §203(s)(1)(B). During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

5. Plaintiff, **AARON WALKER,** (hereinafter referred to as "the named Plaintiff") is a past employee of Defendant who performed work for Defendant as a Child Welfare Attendant, providing support and supervision for the transport of special needs students riding upon school buses provided by third party contracting entities. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff was also engaged in commerce as defined by the FLSA.

IV. STATUTORY VIOLATIONS

Collective Action Under The Fair Labor Standards Act

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff to recover lost wages from Defendant as a result of Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

7. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8. Plaintiff, at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's operation of its public school system.

9. As an employee of Defendant during the 2013-2014 school year and while working for Defendant from its facility known as Lincoln Park High School in Chicago, Plaintiff was consistently required to remain engaged in work, on the school bus, after his shift officially ended, for the purpose of attending to and supervising the transport of special needs students, without compensation for that time.

10. In some instances that unpaid time as explained above should have been compensated at time and one-half Plaintiff's regular hourly rates because if the unpaid time was properly treated as compensable, Plaintiff would have been over 40 hours in particular workweeks. In other instances, the unpaid time should have compensated at Plaintiff's regular hourly rates pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-10. Paragraphs 1 through 10 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 10 of this Count I.

11. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

12. Defendant has at all times relevant hereto failed and refused to pay compensation to Plaintiff as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-12. Paragraphs 1 through 12 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 12 of Count II.

13. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

14. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-14. Paragraphs 1 through 14 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 14 of Count III.

15. In denying Plaintiff compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds.

16. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-16. Paragraphs 1 through 16 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of this Count IV.

17. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

18. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

19. Defendant's failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

  (d) for such additional relief the Court deems just and appropriate under the circumstances.

         Respectfully submitted,

         *Electronically Filed 10/27/2016*

         /s/ John W. Billhorn
         _____
         John William Billhorn
         Attorney for Plaintiff


         BILLHORN LAW FIRM
         53 West Jackson Blvd., Suite 840
         Chicago, IL 60604
         (312) 853-1450